KANSAS CITY, MEMPHIS & BIRMINGHAM R. R. CO. v.
E. B. MABRY.

</div>

1. COSTS.  *Circuit court.  Judgment for less than $150.*

   Section 1497, code 1880, which makes the certificate of the judge necessary to carry costs in favor of a plaintiff in an action begun in the circuit court who fails to recover more than one hundred and fifty dollars, has reference solely to actions *ex contractu.*

2. COSTS IN ACTIONS EX DELICTO.  *Circuit court.  Code 1880, § 2376.*

   Under the code of 1880, actions *ex delicto* are governed as to costs by § 2376, and not by § 1497.  Therefore in such an action originating in the circuit court, if the plaintiff recover as much as ten dollars, he is entitled to full costs without any certificate from the judge.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

This was a suit instituted in the circuit court by appellee, Mabry, against the Kansas City, Memphis & Birmingham Railroad Co. to recover the sum of $600, damages to land and crops, caused by the negligent construction of its railroad track by said company, whereby the water of a natural stream was diverted and overflowed the land of appellee.  The trial resulted in a verdict in

favor of plaintiff for only fifteen dollars, and judgment was entered
in his favor for that sum, together with all the costs of suit.   The
only assignment of error is that under § 1497, code 1880, the costs
were improperly taxed against the defendant, there being no certifi-
cate or entry by the judge that the plaintiff in his opinion had
reasonable ground to expect to recover more than one hundred and
fifty dollars.

*J. W. Buchanan,* for appellant.

Section 1497 of the code governs, and it was necessary, to carry
costs, that there should be an entry on the record that the judge was
of the opinion that plaintiff had reasonable ground to expect a
larger recovery.   This section has exclusive reference to the circuit
court, while § 2376 applies to all courts.   The certificate provided
by the latter section, where the recovery is under ten dollars, is to be
by *the court,* which is applicable to all courts, while, in § 1497, the
certificate is to be by the *judge,* which designates the person who is
to enter his opinion of record.   The two sections must be construed
together, and the proper construction will then be that in actions of
trespass in the circuit court, for the plaintiff who recovers less than
ten dollars to recover any costs, the court would have to enter on
the minutes that the trespass was wilful and malicious, and, besides,
enter the certificate required by § 1497, if the judgment was not for
more than one hundred and fifty dollars.   See *Fenn* v. *Harrington,*
54 Miss. 738 ; *Shackleford* v. *Levy,* 63 Ib. 127.

*Clayton & Anderson,* for the appellee.

Section 1497 has no reference to this suit, but it is governed by
§ 2376.   The two sections will be construed so that both will stand
and the words, " all other actions" in the latter section, following the
provisions in reference to assault and battery, libel and slander, and
trespass, will be held to mean actions of like character with those
named.   The former section has reference to actions where a plaintiff
can generally ascertain the probable amount of his recovery and not
to actions sounding wholly in damages.

COOPER, J., delivered the opinion of the court.

The purpose of section 2376 of the code of 1880 is to discourage

frivolous and vexatious litigation, while that of section 1497 is to discourage resort to the circuit court in those cases in which relief might be fully secured by suit before justices of the peace. The latter section has reference only to actions *ex contractu*. Since this action is not of that character, no certificate from the judge was necessary to carry costs.

*The judgment is affirmed.*